IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Paul Logan, on behalf of himself and others similarly situated,
    Plaintiffs,

v.

Club Metro USA Limited Liability Company, et al.,
    Defendants.

Civil Action No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, defendant, HFIG-Old Bridge, LLC d/b/a Club Metro USA Old Bridge ("HFIG-Old Bridge"), hereby removes a state court action commenced by plaintiff, Paul Logan, ("Plaintiff") to the United States District Court for the District of New Jersey, and in support thereof, states the following:

### I. PROCEDURAL HISTORY

1. On July 2, 2015, Plaintiff commenced a civil action in the Superior Court of New Jersey, Middlesex County, Law Division, Docket No. MID-L-3877-15, by filing a complaint entitled "Class Action Complaint and Jury Demand" (hereinafter the "Class Action Complaint"). (A true and correct copy of the Class Action Complaint is attached as Exhibit A).

2. On August 11, 2015, the Class Action Complaint was served on Defendant, HFIG-Old Bridge, by regular and certified mail. (*See* a true and accurate copy of the Affidavit of Service filed with the Superior Court of New Jersey and attached as Exhibit B.)

3. Defendant, HFIG-Old Bridge now timely files this Notice of Removal within thirty (30) days of service of the Class Action Complaint and consistent with the provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

4. Consistent with the procedures governing the removal of a "class action," as that term is defined under 28 U.S.C. § 1332(d)(1), the Notice of Removal is being filed solely by HFIG-Old Bridge since, under CAFA, a "class action ... may be removed by any defendant without the consent of all defendants." *See* 28 U.S.C. § 1453(b).

5. As set forth below, the underlying jurisdictional basis for HFIG-Old Bridge's removal of the Class Action Complaint is set forth within 28 U.S.C. § 1332(d)(2), the requirements of which are satisfied in connection with the Class Action Complaint.

## II. THE PARTIES

6. The named plaintiff in the Class Action Complaint, Paul Logan, is a resident and citizen of the state of New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 5.)

7. Defendant, Club Metro USA Limited Liability Company is a New Jersey limited liability company which (as the Court may take judicial notice of) was formed on December 28, 2006, assigned New Jersey business entity Id number 0400159565, and has its principal place of business in Toms River, New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 6.)

8. Defendant, Club Metro USA Franchising Limited Liability Company is a New Jersey limited liability company which (as the Court may take judicial notice of) was formed on December 29, 2006, assigned New Jersey business entity Id number 0400159630, and maintains its principal place of business in Toms River, New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 6.)

9. Defendant, ABC Financial Services, Inc. ("ABC Financial") is a corporation formed under the laws of the State of Arkansas, which maintains its principal place of business in Sherwood, Arkansas. (*See* Class Action Complaint, Exhibit A, at ¶ 8 and Arkansas Department of State business records attached hereto as Exhibit C.)

10. Defendant, HFIG-Old Bridge is New Jersey a limited liability company with its principal place of business in Old Bridge, New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 6.)

11. The Class Action Complaint identified "Club Metro Franchises 1-75" as fictitiously named Defendants alleged to be franchisees of Club Metro located within the state of New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 9.)

12. The Class Action Complaint also identified "John Does 1-100" as fictitiously named defendants who are the "officer, owner, director, supervisor, manager, employee, agent, and/or representative" of the specifically named Defendants as well as the fictitiously named "Club Metro Franchises 1-75" Defendants. (*See* Class Action Complaint, Exhibit A, at ¶ 10.)

13. The Class Action Complaint asserts that it is brought as a class action under New Jersey State Court Rule 4:32 on behalf of the following class and sub-class:

> **The Class**: (for certification as to claims under the Truth in Consumer Contract, Warranty and Notice Act (TCCWNA) relating to Defendants' form Membership Agreement): All current New Jersey resident who, during the proposed class period, entered into a Membership Agreement for any Club Metro New Jersey facility that was the same as or substantially similar to the Membership Agreement used in the Plaintiff's transactions.
>
> **Subclass:** (for certification as to claims under the Consumer Fraud Act (CFA) for membership dues improperly collected pursuant to the automatic renewal provisions of the Membership Agreement): All Class member from whom any Defendant received a communication to discontinue services after the initial membership period expired, and who were charged membership fees for any subsequent month(s).

(*See* Class Action Complaint, Exhibit A, at ¶¶ 45, 46.)

14. The Class Action Complaint contains various allegations ostensibly in support of the requisite elements necessary to justify certification of the lawsuit by the court as a class action, e.g., numerosity, typicality, predominating and common questions of law and fact. (*See* Class Action Complaint, Exhibit A, at ¶¶ 47-58.)

### III. THE ALLEGATIONS AND CLAIMS IN THE CLASS ACTION COMPLAINT

15. The following numbered paragraphs summarize the allegations contained in the Class Action Complaint relevant to this Notice of Removal.

#### A. General Allegations Regarding the "Club Metro USA" Franchisor and Franchisee Entities And ABC Financial

16. Plaintiff, and the putative class, are identified as "buyers of health club services." (*See* Class Action Complaint, Exhibit A, at ¶ 12.)

17. Plaintiff alleges that Club Metro USA Limited Liability Company ("Club Metro") is a company that sells franchises of its health clubs in New Jersey, with 16 existing franchisees and "more locations scheduled to open." (*See* Class Action Complaint, Exhibit A, at ¶ 13.)

18. Plaintiff further alleges that Club Metro, "through its directors, executives. management, franchise agreements, and/or operation manuals and/or outside vendors which its franchisees are required to use, sets, controls and directs the policies, practices and procedures for all of its franchisees and/or plays an active role in the operations of each" Club Metro health club franchise in New Jersey. (*See* Class Action Complaint, Exhibit A, at ¶ 15.)

19. Plaintiff further alleges that Club Metro "finds and/or pays and directs employees and/or contracts with outside vendors/consultants such as ABC [Financial]" to find new locations for new franchises to be opened, to direct and control the marketing of each franchisee, to "create, monitor, and enforce the business model, the business strategies, the business policies, practices and procedures, and the business documents" for each franchisee, to "create, monitor,

and enforce cancellation policies and billing practices" for each franchisee, to share "both physical and human resources" with each franchisee, and to "control, monitor and enforce that payment of profits and/or fees" from each franchisee. (*See* Class Action Complaint, Exhibit A, at ¶ 16.)

20. Plaintiff further, specifically alleges that Club Metro requires its franchisees, to "strictly follow the policies and procedures set forth by Club Metro in their franchise agreements or Operations Manual, including using only the vendors, materials, documents and equipment provided by those vendors approved by Club Metro. (*See* Class Action Complaint, Exhibit A, at ¶ 17.)

21. Plaintiff also alleges that Club Metro requires its franchisees to use specific Membership Agreements, and that Club Metro financially benefits therefrom. (*See* Class Action Complaint, Exhibit A, at ¶¶ 19, 20.)

22. ABC Financial is alleged to set, control and direct the policies, practices and procedures "related to the billing, cancellation and/or collection policies" used by all New Jersey franchisees of Club Metro, as well as to play an "active role in "the billing, cancellation and/or collection policies" of such franchisees. (*See* Class Action Complaint, Exhibit A, at ¶¶ 21, 22.)

23. Plaintiff alleges that ABC Financial and Club Metro have a direct or indirect agreement by which ABC Financial is the only billing, cancellation and collection vendor approved for use by all New Jersey franchisees of Club Metro, that ABC Financial is required to collect all membership dues and other fees payable by members of all New Jersey franchisees of Club Metro, and that ABC Financial is further required to deduct all monies owed by New Jersey franchisees of Club Metro to Retrofitness and to remit such monies directly to Club Metro. (*See* Class Action Complaint, Exhibit A, at ¶¶ 23, 24.)

24. Plaintiffs further allege that Club Metro specifically requires all New Jersey franchisees of Club Metro to use ABC Financial for billing, cancellation and collection services, and that this directly and financially benefits Club Metro. (*See* Class Action Complaint, Exhibit A, at ¶¶ 25-27.)

25. Plaintiffs also allege that Club Metro, either "directly and/or through ABC [Financial]," "prepared, drafted, dictated, and/or controlled" the form and/or language of the Membership Agreement used in the transactions in which Plaintiff, and others similarly situated in the putative class, purchased health club services through the New Jersey franchisees of Club Metro. (*See* Class Action Complaint, Exhibit A, at ¶¶ 28-29.)

26. Alternatively, Plaintiff alleges that ABC Financial "in furtherance of its agreement" with Club Metro, "prepared, drafted, dictated, and/or controlled" the form and/or language of the Membership Agreement used in the transactions in which Plaintiff, and those similarly situated, purchased health club services through all New Jersey franchisees of Club Metro. (*See* Class Action Complaint, Exhibit A, at ¶ 41.)

    **B.    <u>Allegations Asserted By Plaintiff Paul Logan</u>**

27. Plaintiff, Paul Logan ("Plaintiff") alleges that he signed a membership agreement for a health club membership with the Club Metro franchisee located in Old Bridge, i.e., Defendant HFIG Old Bridge, on November 19, 2010 for a one year membership at a cost of $21.39 per month with initial payment of the first and law months' payments and 10 monthly installments payment, plus a $50 enrollment fee and $19.99 club enhancement fee. (*See* Class Action Complaint, Exhibit A, at ¶¶ 32, 34, 35.)

28. Plaintiff alleges that his membership agreement includes an "Automatic Renewal" provision which obligated him to continue making monthly membership dues payments "in

perpetuity" after expiration of the initial one year membership term and until he issued a written notice that he was cancelling his membership. (*See* Class Action Complaint, Exhibit A, at ¶ 37.)

29. Plaintiff alleges that in October 2013, he verbally notified the staff at HFIG Old Bridge (Club Metro Old Bridge) that he no longer wanted his continued, monthly membership, but that it was not until approximately eighteen (18) months later, in April 2015, that he sent HFIG Old Bridge a written letter indicating that he wished to discontinue his monthly membership. (*See* Class Action Complaint, Exhibit A, at ¶¶ 40-43.)

30. Plaintiff alleges that he has been wrongfully charged $213.90 in monthly membership fees and that "Defendants ... continue to harass Plaintiff for payment." (*See* Class Action Complaint, Exhibit A, at ¶ 44.)

31. Plaintiff has also alleged that the membership agreement "has numerous provisions that are contrary to" the Health Club Services Act ("HCSA"), including that it (a) has a provision creating an automatic renewal obligations contrary to the prohibition against renewal obligations in N.J.S.A. 56:8-42(i); (b) provides for new or increased health club services on a monthly basis after the initial term without giving notice of a three-day right to cancel, contrary to N.J.S.A. 56:8-42(e); (c) provides for the retention of up to 10% of the total contract price in the event of cancellation due to death or disability, N.J.S.A. 56:8-42(d); and (d) does not set forth in a conspicuous manner on its first page the total payment obligation under the contract, contrary to N.J.S.A. 56:8-42(b). (*See* Class Action Complaint, Exhibit A, at ¶ 39.)

32. Plaintiff has asserted putative class action claims alleging that the membership agreement violates the HCSA, the New Jersey Consumer Fraud Act ("NJ CFA"), the Truth in Consumer, Contract, and Warranty Notice Act ("TCCWNA"), and New Jersey's Retail Installment Sales Act ("RISA"). (*See* Class Action Complaint, Exhibit A, at ¶¶ 59-74.)

### C. Class Action Allegations And Claims Asserted

33. The Class Action Complaint identifies one class and subclass, and asserts various allegations respecting the purported propriety of the action proceeding as a class action, consistent with New Jersey Court Rule 4:32, and respecting issues such as numerosity, impracticability of joinder of all potential plaintiffs, common questions of law and fact, typicality, identifiability, and risk of inconsistent adjudications, etc. (*See* Class Action Complaint, Exhibit A, at ¶¶ 45-58.)

34. The Class Action Complaint alleges that each putative member of the class action that signed a membership agreement with a Club Metro franchisee signed a membership agreement which contained numerous violations of the HCSA, NJ CFA, TCCWNA, and RISA. (*See* Class Action Complaint, Exhibit A, at ¶¶ 59-74.)

35. The Class Action Complaint alleges that there were at least seven (7) separate ways in which the membership agreement violated the HCSA (and therefore, the NJ CFA). (*See* Class Action Complaint, Exhibit A, at ¶ 64(a) – (g).)

36. The Class Action Complaint alleges that the membership agreement violates RISA in four separate ways since it imposes several fees not permitted under RISA, including the $50 enrollment fee, a $19.99 club enhancement fee, a $5 monthly dues increase if an EFT payment is declined, and an unspecified late fee if a payment is more than 10 day late. (*See* Class Action Complaint, Exhibit A, at ¶¶ 68-69.)

37. The Class Action Complaint claims, *inter alia*, the following damages:

    (a) actual damages consisting, for example, of all monthly membership dues collected after expiration of the initial one-year contract term;

    (b) maximum statutory damages of not less than $100 per offense pursuant to TCCWNA, N.J.S.A. 56:12-17;

    (c) treble damages pursuant to the CFA, N.J.S.A. 56:8-19

    (d)    for reasonable attorneys' fees and costs of suit under the TCCWNA at N.J.S.A. 56:12-18 and the CFA at N.J.S.A.56:8-17;

    (e)    pre- and post-judgment interest.

(*See* Class Action Complaint, Exhibit A, at pp. 20-21.)

## IV. REMOVAL IS PROPER ON THE BASIS OF DIVERSITY JURISDICTION UNDER CAFA

38. The claims raised in the Class Action Complaint are removable from the Superior Court of New Jersey, Middlesex County, to this Court.

39. Removal is specifically permitted in this matter, and federal court jurisdiction exists under CAFA.

40. Under CAFA, diversity jurisdiction exists in a "class action," as that term is specifically defined under 28 U.S.C. §1332(d)(1)(B), where the matter in controversy exceeds the sum of $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

41. The Class Action Complaint meets the definition of a "class action" under CAFA, 28 U.S.C. §1332(d)(1)(B), because it was filed pursuant to New Jersey Court Rule 4:32, which is a state rule of judicial procedure similar to Federal Rule of Civil Procedure 23 that authorizes an action to be brought by one or more representative persons as a class action, and contains allegations directed at meeting the requirements for certification of a class action.

42. "Minimal" diversity jurisdiction exists under CAFA because Plaintiff, and the putative class of plaintiffs (all identified as New Jersey residents), are citizens of the state of New Jersey and at least one defendant, ABC Financial, is a citizen of another state, namely, Arkansas. (*See* Class Action Complaint, Exhibit A, at ¶¶ 5, 8, and 46; and, *see also* ¶¶ 6, 9, and 13 in this Notice of Removal, hereinabove.)

43. The Class Action Complaint itself does not set forth the total dollar amount of damages that are being claimed.

44. The putative class could include all persons who are presently members of a New Jersey franchisee of Club Metro and who signed a membership agreement, as well as any and all individuals who are no longer current members of a New Jersey franchisee of Club Metro but who signed and/or cancelled a membership agreement at any time within the past six (6) years prior to the inception of this litigation.

45. According to a reasonable reading of the Class Action Complaint, the amount in controversy exceeds $5,000,000 in the aggregate, as follows.

46. Based on the allegations in the Class Action Complaint, every member of the putative class would be entitled to recover $1,100 in statutory damages, at $100 per TCCWNA violation, arising from the alleged seven (7) HCSA violations and four (4) RISA violations.

47. Based on the allegations asserted in the Class Action Complaint, every single member of the putative class that signed a membership agreement would be entitled to recover damages in the amount of the $19.99 "club enhancement fee" and a $50 "Enrollment Fee."

48. Based on the allegations asserted in the Class Action Complaint, every member of the putative class that signed a membership agreement would be entitled to recover damages of at least treble the amount of any monthly dues payments paid beyond the initial one year membership term under the Automatic Renewal Provision in the membership agreement.

49. Using the rate in Plaintiff's membership agreement of $21.39, and assuming, for example, a year's worth of membership payments beyond the initial one year term, the Class Action Complaint alleges that each member of the putative class would have sustained actual damages of $256.68, or $770.04 in treble damages under the NJ CFA.

50. Based on just the above categories of damages, i.e., $1,100 in TCCWNA statutory damages, $69.99 in enrollment and club enhancement fees, and $770.04 in trebled damages for membership fees paid beyond the initial one year membership term, if there were 2,577 or more such class members, there would be in excess of $5,000,000 in damages - exclusive of attorneys' fees, costs and interest, according to the allegations in the Class Action Complaint

51. It is estimated that the putative class of such plaintiffs, which may include nearly any person was a member of Club Metro over the past six years, and presently, far exceeds the above threshold figure of 2,577 based on the allegations in the Class Action Complaint, that there is an amount in controversy well in excess of $5,000,000 in damages.

52. This district court has jurisdiction under CAFA, and the home state exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B), does not apply, because ABC Financial is a primary defendant and is not a citizen of the state in which this case was filed, i.e., New Jersey.

53. Specifically, ABC Financial is a corporation organized under the law of the state of Arkansas and with its principal business in the state or Arkansas, and therefore is a citizen of the State of Arkansas for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. (*See* paragraph 9, herein above.)

54. Moreover, ABC Financial is a "primary defendant" in connection with the home state exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(B), because ABC Financial is alleged to be directly liable to each member of this putative class action as a result of its drafting of the allegedly wrongful terms and provisions in the membership agreements which are at the heart of the Class Action Complaint and give rise to the alleged damages.

55. This Court has jurisdiction under CAFA, and the local controversy exception to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4)(A), does not apply, because a nearly identical class

action asserting the same and similar factual allegations was filed against ABC Financial (and other defendants) in the Superior Court of New Jersey, Middlesex County, Law Division, Civil Action No. MID-L-362-14, on or about January 17, 2014. (*See* a true and accurate copy of the Complaint filed in the "Ardino" matter attached hereto as Exhibit D.)

56.  As such, the local controversy exception to CAFA jurisdiction does not apply under 28 U.S.C. § 1332(d)(4)(A)(ii) because a nearly identical class action asserting the same and other factually similar allegations was filed during the three-year period preceding the inception of this action against a party which is named as a defendant in both actions.

57.  This Notice is signed and submitted by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

_____
Joshua S. Bauchner, Esquire
**ANSELL, GRIMM & AARON, P.C.**
365 Rifle Camp Road
Woodland Park, New Jersey 07424
Telephone: (973) 247-9000
Fax: (973) 247-9199
*Attorneys for HFIG-Old Bridge, LLC
d/b/a Club Metro USA Old Bridge*