NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL LOGAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUB METRO USA LLC, CLUB METRO USA FRANCHISING LLC, HFIG-OLD BRIDGE, LLC d/b/a Club Metro USA Old Bridge, ABC FINANCIAL SERVICES COMPANY, INC., and JOHN DOES 1-100, Defendant Club Metro Franchises 1-75, and XYZ Corporations 1-10,<br><br>Defendants. | Civil Action No.: 15-6773 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

Presently before the Court is Plaintiff Paul Logan's Motion to Remand this matter to the New Jersey Superior Court, Law Division based upon the "local controversy exception" of the Class Action Fairness Act of 2005. (ECF No. 14). Defendants Oppose this Motion. (ECF No. 17). The Court decides this Motion without oral argument pursuant Rule 78 of the Federal Rules of Civil Procedure. Having considered the arguments raised in support of and in opposition to the instant Motion, and for the reasons set forth below, this Court will grant Plaintiff's Motion and will remand this matter to the New Jersey Superior Court.

## BACKGROUND

Defendants Club Metro USA LLC, Club Metro USA Franchising LLC, and HFIG-Old Bridge, LLC d/b/a Club Metro Old Bridge (collectively, "Club Metro Defendants") are "for-profit New Jersey entities that operate health clubs throughout New Jersey." (ECF No. 1-1, "Compl." ¶

1

6). Plaintiff Paul Logan is a New Jersey resident and member of a Club Metro health club. (Id. ¶¶ 4-5. Plaintiff alleges that the Club Metro Defendants, in conjunction with Defendant ABC Financial Services Company, Inc. ("ABC Financial"), have violated a number of New Jersey consumer protection laws in connection with the agreements entered into by its members. (Id. ¶ 1).

Plaintiff filed a class action complaint on July 2, 2015, in the Superior Court of New Jersey, Middlesex County, Law Division, alleging violations of the New Jersey Health Club Services Act ("HCSA"), the Retail Installment Sales Act ("RISA"), the Consumer Fraud Act ("CFA"), and the Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"). (Ibid.).

On September 10, 2015, Defendant HFIG-Old Bridge ("HFIG") filed a timely Notice of Removal to federal Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1453, 1446. (ECF No. 1, "Notice of Removal" ¶ 1). Specifically, HFIG sought removal under 28 U.S.C. § 1332(d)(2), which provides for removal of a class action to federal court where "the matter in controversy exceeds the sum or value of $5,000,000" and where there is minimal diversity between parties.

Plaintiff filed the instant Motion to Remand on October 9, 2015, in which he argues that remand is appropriate under CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4)(A). (ECF No. 14-1, "Pl's. Moving Br."). All Defendants oppose this Motion. (ECF No. 17, "Defs.' Opp. Br."). Plaintiff has replied. (ECF No. 19).

## LEGAL STANDARD

In 2005, Congress passed the Class Action Fairness Act, making it easier for state court litigants to file or otherwise remove class actions to federal court. Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat 4 (codified in scattered sections of 28 U.S.C.). Under

CAFA, a state court litigant may remove a case to federal court where minimal diversity exists between the plaintiffs and defendants and so long as the amount in controversy, aggregated among putative class members, exceeds five million dollars. 28 U.S.C. §1332(d)(2); *see also Erie Ins. Exchange v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013).

However, even where a litigant meets these requirements, federal jurisdiction is barred "where the 'controversy is uniquely' connected to the state in which the action was originally filed." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (quoting *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)). To that end, 28 U.S.C. § 1332(d)(4)(A), commonly known as the "local controversy exception," precludes federal jurisdiction where the following six factors are met:

> (1) Greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

*Vodenichar*, 733 F.3d at 506.

Here, Plaintiff seeks remand under this exception, asserting that each of the above prongs are satisfied. Defendants oppose this Motion, arguing that Plaintiff cannot satisfy the sixth and final prong (the "no other class action" prong) of the local controversy exception.

## ANALYSIS

The sole disputed issue is whether Plaintiff has met the sixth and final prong of the local controversy exception to federal jurisdiction under CAFA, referred to herein as the "no other class action" prong. 28 U.S.C. § 1332(d)(4)(A)(ii). The parties agree that all other prongs of the local

3

controversy exception are satisfied. (Moving Br. at 1; Defs.' Opp. Br. at 5). Thus, if this Court finds that "no other class action" has been filed within the meaning of the sixth prong of the exception, then Plaintiff meets the local controversy exception, mandating removal. Alternatively, if this Court finds that an "other class action" has in fact been filed that meets the sixth prong, then Plaintiff will have failed to satisfy all requirements of the local controversy exception, and this Court will maintain jurisdiction over the matter.

The "no other class action" prong provides, in full, that: "[d]uring the 3-year period preceding the filing of th[e insant] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other person[s]." Id. The Third Circuit has stated that "CAFA does not define what constitutes an 'other class action' other than to limit it to filed cases asserting similar factual allegations against a defendant." *Vodenichar*, 733 F.3d at 508. Thus, in interpreting whether a previously filed class action constitutes an "other class action," the Third Circuit has instructed courts to construe the phrase in light of the goals of CAFA. *Id.*; see also *Morgan v. Gay*, 466 F.3d 276, 277-78 (3d Cir. 2006) (holding that CAFA "will be read according to the uncontested intent of Congress rather than as it is literally (but mistakenly) written").

Here, the parties dispute whether a class action titled *Ardino, et. al v. RetroFitness, LLC, et. al* ("*Ardino*"), filed in New Jersey Superior Court in 2014, constitutes an "other class action" within the meaning of the "no other class action" prong. (See ECF No. 1-4, Complaint, N.J. Sup. Ct., Law Div. MID-L-362-14, ("Ardino Compl.")). In *Ardino*, the plaintiffs seek to represent a class of individuals with memberships with RetroFitness, LLC and its health club franchises. (Ardino Compl.). Plaintiffs there allege violations of the same New Jersey consumer protection statutes as in the instant case, based upon similar underlying conduct. (Ardino Compl. ¶ 1).

Specifically, both sets of plaintiffs allege that the health club defendants, in conjunction with Defendant ABC Financial, use membership agreements that unlawfully provide for automatic and perpetual renewal of memberships, discourage cancellation of membership agreements, and provide for the assessment of inappropriate membership fees. *Compare* Ardino Compl. at ¶¶ 1-5 *with* Compl. ¶¶ 1-4.

Defendants argue that this Court should apply a plain reading of the "no other class action" provision and find that *Ardino* is clearly an "other class action," according to a plain reading of that prong, precluding application of the local controversy exception. Defendants contend that *Ardino* squarely qualifies as an "other class action" under that prong's plain language because it: (1) was filed within the 3-year period preceding the filing of the instant action; (2) alleges similar factual allegations as the case at bar; (3) shares a common defendant—namely, ABC Financial—with the instant matter; and (4) is filed on behalf of a putative class of "other persons." (Defs.' Opp. Br. at 17-18). Therefore, Defendants reason, Plaintiff has not met the "no other class action" prong and cannot seek remand under CAFA's local controversy exception. (Id.).

Plaintiff, on the other hand, urges this Court to construe the "no other class action" provision in light of the Congressional intent of the statute, rather than under a plain reading of the statute as Defendants argue is proper. (Moving Br. at 11-12). Plaintiff contends that construing *Ardino* as an "other class action," without regard to the statute's purpose, would directly frustrate Congressional intent in enacting CAFA and the local controversy exception. (Id.).

This Court agrees with Plaintiff that to construe *Ardino* as an "other class action" would frustrate the statute's purpose. The Court heeds the Third Circuit directive to construe the "no other class action" provision with an eye towards Congress's goals in enacting CAFA. *See Vodenichar*, 733 F.3d at 508; *see also Morgan v. Gay*, 466 F.3d 276, 277-78 (3d Cir. 2006)

(holding that CAFA "will be read according to the uncontested intent of Congress rather than as it is literally (but mistakenly) written").

In enacting CAFA, Congress sought to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 119 Stat. 4, §2(b)(2) (2005). "Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant." *Vodenichar*, 733 F.3d at 508. Thus, the purpose of the "no other class action" provision is to advance Congress's intent that "defendants did not face copycat, or near copycat, suits in *multiple* forums." *Ibid.* (emphasis added). The Third Circuit has explained that Congress included the local controversy exception to CAFA because it "sought to have all but truly local controversies proceed in federal court and found that when a 'controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that [the local controversy] exception intended to address.'" *Ibid.* (citing S. Rep. No. 109-14, at 40-41, 2005 U.S.C.C.A.N. at 39). Stated differently, Congress recognized that the filing of multiple class actions was a strong indicator that the matter was one of national importance and therefore appropriately maintained in a federal forum. *See ibid.* It follows that where multiple cases are filed in the courts of the same state, federal jurisdiction under CAFA may not be proper.

Here, the separate class actions were both filed in the New Jersey Superior Court. Thus, if this Court were to maintain jurisdiction over the instant matter, Defendant ABC Financial would face two separate suits, alleging similar factual and statutory violations, in two separate forums. This result is plainly against Congress's desire that defendants "not face copycat, or near copycat, suits in *multiple* forums." *Vodenichar*, 733 F.3d at 508 (emphasis added). Alternatively, if this Court remands the case, the lawsuits, which, by their facts and allegations do not present any

6

matters of national interest, will be handled in a single jurisdiction in which the cases originated and in which the causes of action arose. Thus, to deny remand to the New Jersey Superior Court would directly frustrate the statutory intent of CAFA. *See King v. Mueller*, Civ. No. 3:14-1641, 2015 WL 1345174, *3 (M.D. Pa. Mar. 25, 2015) (granting remand where both class actions were filed in Pennsylvania State Court, and where denying remand would "directly frustrate the purpose" of the local controversy exception).

Moreover, the action at bar is unlike the situation contemplated by Congress where multiple cases have been filed in different forums, suggesting that the actions are prime for federal adjudication. *See* S. Rep. No. 109-14, at 40-41, 2005 U.S.C.C.A.N. at 39. Indeed, here, both actions were filed in New Jersey state court, allege strictly New Jersey statutory causes of action, based upon conduct occurring in New Jersey, against primarily New Jersey-based defendants, on behalf of putative class members who are primarily New Jersey residents.

Defendants contend that the fact that *Ardino* is pending in the same state court in which the instant matter originated is of no consequence to this Court's analysis. (Defs.' Opp. Br. at 18). However, unlike this case where both actions originated in New Jersey Superior Court, the majority of cases cited by Defendants involved class actions filed in separate states. *See Alegre v. Atlantic Central Logistics*, No. 15-2342, 2015 WL 4607196, at *1 (D.N.J. July 31, 2015) (first-filed case in California, pending case in New Jersey); *Torres v. Cleannet USA, Inc.*, No. 14-2818, 2014 WL 5591037, at *1 (E.D. Pa. Nov. 4, 2014) (first-filed case in Illinois, pending case in Pennsylvania); *Lee v. Central Parking Corp.*, No. 15-454, 2015 WL 4510128, at *13-15, ECF No. 37, at 24 (D.N.J. July 24, 2015) (first-filed case in Florida, pending case in New Jersey). Thus,

remand in those cases would not have frustrated the goals of the statute, and these cases are therefore distinguishable from the situation before this Court.[1]

Where, as here, "the legislative intent is at odds with the literal terms of the [CAFA] statute, then a court's primary role is to effectuate the intent of Congress even if a word in the statute instructs otherwise." *Morgan v. Gay*, 466 F.3d 276, 278 (3d Cir. 2006); *see also Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir.2001) ("The role of the courts in interpreting a statute is to give effect to Congress's intent."). Accordingly, notwithstanding the plain language of the broadly drafted "no other class action provision," this Court finds that *Ardino* is not an "other class action" as contemplated by Congress. The Court therefore concludes that Plaintiff has satisfied the "no other class action" provision of CAFA's local controversy exception. Because the parties agree that all of the exception's remaining prongs are satisfied, Plaintiff has met the local controversy exception, and this Court will therefore grant Plaintiff's Motion for Remand to New Jersey State Court.

## CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's Motion for Remand. An appropriate Order accompanies this Opinion.

---

[1] In fact, the only example that Defendants cite of a court denying a motion to remand where the class actions were filed in the same state is that out of the Central District of California where the Court discussed *Vodenichar* and *King*, declared them to be "persuasive" although "non-binding," and declined to follow these cases without explanation. *See Martinez v. Darden Restaurants, Inc.*, 2015 WL 448065, *1-2 (C.D. Cal. July 22, 2015). Accordingly, this Court is not moved by the Central District of California's ruling, and will follow the Third Circuit's directive and rationale in *Vodenichar*, as well as that of the Middle District of Pennsylvania in *King*. *See King*, 2015 WL 1345174, *3.

DATED:     November 17, 2015

_____
JOSE L. LINARES
UNITED STATES DISTRICT COURT

9